| | |
|---|---|
| **VOTER INTEGRITY PROJECT NC, INC.**<br>*Plaintiff*,<br><br>*v.*<br><br>**WAKE COUNTY BOARD OF ELECTIONS,**<br><br>*Defendant*. | Civ. No. 16-_____ |

## Complaint

NOW COMES Plaintiff Voter Integrity Project NC, Inc. ("Plaintiff" or "VIP-NC"), by and through its attorneys, brings this action for violations of Section 8 of the National Voter Registration Act of 1993 ("NVRA"), 52 U.S.C. § 20507 against the Wake County Board of Elections. In support of its action, VIP-NC shows the Court as follows:

### INTRODUCTION

Plaintiff seeks declaratory and injunctive relief to compel Defendant's compliance with Section 8 of the NVRA ("Section 8"). Specifically, Defendant has violated and continue to violate Section 8 by failing to conduct reasonable voter list maintenance for elections for federal office and by failing to produce records and data related to those efforts, as required by Section 8. Plaintiff seeks injunctive relief commanding Defendant to permit inspections of election records pursuant to 52 U.S.C. § 20507(i). Plaintiff also seeks a declaratory judgment and injunctive relief requiring

1

Defendant to conduct and execute reasonable voter list maintenance programs in compliance with federal law to ensure that only eligible voters are registered to vote in Wake County.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as the action arises under the laws of the United States. This Court also has jurisdiction under 52 U.S.C. § 20510(b), as the action seeks injunctive and declaratory relief under the NVRA.

2. Venue in this Court is proper under 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## PARTIES

3. The Plaintiff Voter Integrity Project NC, Inc. ("VIP-NC") is a North Carolina "C" corporation with a mission of ensuring free and fair elections for all lawfully registered voters. Plaintiff VIP-NC has dedicated significant time and resources to ensure that voter rolls in the state of North Carolina, and in Wake County, are free from ineligible registrants, non-citizens, individuals who are no longer residents and individuals who are registered in more than one location. Plaintiff VIP-NC brings this action in its corporate capacity and also on behalf of its members and supporters who are registered to vote in Wake County, North Carolina.

4. Defendant Wake County Board of Elections is responsible for voter roll list maintenance activities in Wake County, North Carolina. North Carolina law requires that "[e]ach county board of elections shall conduct systematic efforts to remove names from its list of registered voters in accordance with [North Carolina law] and with the program adopted by the State Board." N.C. Gen. Stat. § 163-82.14(a). *See also* N.C. Gen. § 163-33 (detailing powers and duties of county boards of elections); and N.C. Gen. §§ 163-82-1, 163-82.7, 163-82.8, 163-82.9, 163-82.10, 163-82.11, 163-82.12, 163-82.15, 163-82.16, 163-82.17 (listing various

2

responsibilities of the county board of election regarding voter registration and ensuring accuracy of the rolls.)

## FACTUAL BACKGROUND

5. Defendant has an obligation under federal law to maintain accurate and current voter rolls which contain the names of only eligible voters residing in Wake County. Federal law requires "local election officials [to] perform list maintenance with respect to the computerized [state] list on a regular basis." 52 U.S.C. § 21083(a)(2)(A). Moreover, Section 8 of NVRA requires Defendant to "conduct a general program that makes a reasonable effort to remove the names of ineligible voters from the official lists of eligible voters by reason of – (A) the death of the registrant; or (B) a change in the residence of the registrant . . . ." 52 U.S.C. § 20507(a)(4)(A)-(B). Local election officials such as the Defendant are specifically obliged to carry out these list maintenance duties and remove ineligible voters from the rolls pursuant to 52 U.S.C. § 20507(d)(3).

6. Section 8 of the NVRA also requires that Defendant shall "complete, not later than 90 days prior to the date of a primary or general election for Federal office, any program the purpose of which is to systematically remove the names of ineligible voters from the official lists of eligible voters." 52 U.S.C. § 20507(c)(2)(A). Section 8 of the NVRA mandates that any such list maintenance programs or activities "shall be uniform, nondiscriminatory, and in compliance with the Voting Rights Act of 1965 (52 U.S.C. § 10301 *et seq*.)." 52 U.S.C. § 20507(b)(1).

7. Also pursuant to Section 8 of the NVRA, Defendant "shall maintain for at least 2 years and shall make available for public inspection . . . all records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters. . . ." 52 U.S.C. § 20507(i)(1).

3

8. Upon information and belief, Defendant has not complied with the above-referenced federal law in performing its duty to maintain the Wake County voter rolls, including but not limited to failing to conduct lawful programs to remove ineligible registrants from the voter rolls and failing to maintain and make available for public inspection records concerning the implementation of such programs.

9. According to publicly available data disseminated by the United States Census Bureau and the federal Election Assistance Commission, voter rolls maintained by the Defendant for Wake County contain or have contained more registrants than eligible voting-age citizens. The number of registrants in Wake County, North Carolina has been over 100 percent of eligible voting-age citizens.

10. Specifically, in response to the 2014 Election Administration Commission survey, Wake County reported that the number of persons registered and eligible to vote in the 2014 general election was 670,739. *See*, Election Administration Commission, Election Administration and Voting Survey.

11. According to the United States Census Bureau's American Community Survey from 2010 to 2014, the average number of persons eligible to vote in Wake County was 640,315. American Community Survey, Voting Age Population by Citizenship and Race (CVAP).

12. Using those data in paragraphs 10 and 11, the registration rate in Wake County has been 104.75 percent during the conduct of a federal election.

13. Further, according to the North Carolina State Board of Elections "NC Voter Statistics," the number of persons registered and eligible to vote in Wake County (as of July 2, 2016) is 672,261.

4

14. Using those data in paragraphs 11 and 13, the registration rate in Wake County remains in excess of 104 percent of eligible citizens residing in Wake County.

15. Defendant is responsible for allowing these circumstances to occur and persist. By failing to implement a program which takes reasonable steps to cure these circumstances, Defendant has violated and is continuing to violate NVRA and other federal voter list maintenance statutes.

16. As an integral part of its public interest mission, Plaintiff VIP-NC disseminates information about compliance by state and local officials with federal election statutes, including election integrity statutes. A central activity of VIP-NC is to promote election integrity and compliance with federal and state statutes which ensure the integrity of elections. VIP-NC additionally equips volunteers for involvement at every stage of the electoral process and promotes legislative ideas that actively protect the rights of legitimate voters, regardless of their political party affiliation or station in life. Defendant's violation of NVRA has impaired and will impair VIP-NC from carrying out this mission, and thus VIP-NC has itself has been harmed by Defendant's noncompliance with the NVRA.

17. The failure of the Defendant to comply with its obligations under federal voter registration laws has undermined the confidence of North Carolina's properly registered voters in the integrity of the voter registration rolls and, accordingly, has undermined the integrity of elections held both within Wake County and across the State of North Carolina.

18. On June 3, 2016, Plaintiff VIP-NC, writing on behalf of itself and its members and supporters who are registered to vote in the State of North Carolina (including Wake County), sent statutory notice letters to Defendant notifying it that Wake County was in violation of federal voter registration laws. A true and accurate copy of the statutory notice letters and mailing confirmations

5

are attached hereto as Exhibit A (hereinafter "Notice Letters"). The Notice Letters informed Defendant that Wake "county is in apparent violation of Section 8 of the National Voter Registration Act based on our research." (Exhibit A at 1.) The Notice Letters explained that, "[b]ased on our comparison of publicly available information published by the U.S. Census Bureau and the federal Election Assistance Commission, your county is failing to comply with Section 8 of the [NVRA]." *Id*. The Notice Letters, *inter alia*, stated: "[i]n short, your county has significantly more voters on the registration rolls than it has eligible living citizen voters." *Id*.

19.     One example of Defendant's failure to reasonably maintain the voter rolls, but not the only example, is that Defendant undertakes absolutely no effort whatsoever to use data available to the Wake County Clerk of Superior Court obtained from jury excusal communication. This data identifies numerous Wake County residents who self-identify as non-citizens or non-residents of Wake County. The data also identifies potentially obsolete mailing addresses of registrants.  Defendant is not using a readily available tool to conduct reasonable list maintenance.

20.     The Notice Letters also sought a variety of publicly available information which would tend to indicate whether or not the Defendant is in compliance with NVRA and other federal laws. (Exhibit A at 2-3.) Among the data requested were current registration data, the numbers of registrants removed pursuant to maintenance obligations, the number of notices sent to inactive registrants, the number of registrants removed due to criminal conviction, and the most recent number of registrants. *Id*.

21.     The Notice Letters also requested that the Defendant make available for public inspection all records concerning "the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency" of official lists of eligible voters, explaining

6

that the Defendant was required to make such records available under Section 8 of the NVRA. *Id.* (quoting 52 U.S.C. § 20507(i)).

22. Defendant did not respond to the Notice Letters, much less provide the information requested.

23. The Notice Letters also notified Defendant that a lawsuit may be brought against it to ensure compliance with the requirements of federal voter registration laws. (Exhibit A at 2.)

24. Plaintiff VIP-NC has spent considerable time and financial resources in an effort to improve voter rolls in Wake County, which have contained more registrants than eligible citizens who reside in Wake County.

25. As part of its mission, Plaintiff VIP-NC attempts to audit North Carolina's voter rolls, including but not limited to those in Wake County, to determine that registered voters are entitled to vote based on the requirements of the North Carolina Constitution.

26. For example, in 2012, Plaintiff VIP-NC formally asked the Defendant to review the citizenship status of approximately 550 registrants in Wake County pursuant to N.C. Gen. Stat. § 163-85. *See* Declaration of Jay DeLancy at ¶ 5, attached hereto as Exhibit B. The Defendant determined that there was probable cause to move forward on 18 of those registrants and, ultimately, at least three ineligible registrants were removed. *Id.* at ¶ 6.

27. Also in 2012, Plaintiff VIP-NC formally asked the Defendant to review 336 individuals on the rolls in Wake County that Plaintiff believed were deceased. Subsequently, the vast majority of those registrants were removed from the rolls. Declaration of Jay DeLancy at ¶ 7-8.

28. Defendant's failure to take reasonable efforts to remove ineligible registrants for the registrations rolls in Wake County frustrates, impedes, and harms the efforts of VIP-NC and its members.

## COUNT I

**(Violation of the NVRA: Failure to Conduct List Maintenance)**

29. Plaintiff VIP-NC realleges paragraphs 1 through 28 as if fully stated herein.

30. Defendant has failed to make reasonable efforts to conduct voter list maintenance programs, in violation of Section 8 of NVRA, 52 U.S.C. § 20507 and 52 U.S.C. § 21083(a)(2)(A).

31. Plaintiff VIP-NC has suffered an irreparable injury as a direct result of Defendant's violation of Section 8 of the NVRA, 52 U.S.C. § 20507 and 52 U.S.C. § 21083(a)(2)(A). Defendant's failure to comply with the NVRA has aggrieved and continues to aggrieve Plaintiff VIP-NC by impairing its essential and core mission of fostering compliance with federal election laws, promotion of election integrity and avoiding vote dilution when ineligible voters participate in elections. Defendant's failure to comply with the NVRA has caused and continues to cause Plaintiff VIP-NC pecuniary injury.

32. Plaintiff VIP-NC, as well as its members and supporters in North Carolina, will continue to be injured by Defendant's violations of Section 8 of the NVRA because confidence in the legitimacy of elections in North Carolina will be undermined and burden their right to vote unless and until Defendant is enjoined from continuing to violate the law.

33. Plaintiff VIP-NC has no adequate remedy at law.

## COUNT II

**(Violation of the NVRA: Failure to Produce Records and Data)**

34. Plaintiff VIP-NC realleges paragraphs 1 through 33 as if fully stated herein.

8

35. Defendant has failed to respond to Plaintiff VIP-NC's written requests for data and failed to provide records to Plaintiff VIP-NC concerning Defendant's implementation of programs and activities for ensuring the accuracy and currency of official lists of eligible voters for Wake County, in violation of Section 8 of the NVRA, 52 U.S.C. §20507(i). *See Project Vote v. Long*, 682 F.3d 331, 334-335 (4th Cir. 2012) (holding that the NVRA requires local election officials to provide such data to the public).

36. Plaintiff VIP-NC has suffered an irreparable informational injury as a direct result of Defendant's violation of Section 8 of the NVRA because Plaintiff VIP-NC does not have the data and records requested. The NVRA confers upon Plaintiff VIP-NC a right to information, and by denying that information to Plaintiff VIP-NC, Defendant caused a concrete injury to Plaintiff VIP-NC.

37. Plaintiff VIP-NC, as well as its members and supporters in North Carolina, will continue to be injured by Defendants' violations of Section 8 of the NVRA unless and until Defendant is enjoined from continuing to violate the law.

38. Plaintiff VIP-NC has no adequate remedy at law.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff VIP-NC prays for a judgment:

1. Declaring that Defendant is in violation of Section 8 of the NVRA;

2. Ordering the Defendant to implement reasonable and effective registration list maintenance programs to cure failures to comply with Section 8 of the NVRA and ensure that non-citizens and ineligible registrants are not on the Defendant's rolls;

3.	Ordering the Defendant to substantively respond to Plaintiff VIP-NC's written request for records concerning the implementation of programs and activities to ensure the accuracy and currency of Wake County's voter rolls.

4.	Ordering the Defendant to pay Plaintiff VIP-NC's reasonable attorney's fees, including litigation expenses and costs, pursuant to 52 U.S.C. § 20510(c); and

5.	Granting Plaintiff VIP-NC further relief that this Court deems just and proper, including potential preliminary injunctive relief to ensure that the 2016 North Carolina statewide election and subsequent elections are not conducted in Wake County using voter rolls with ineligible registrants.

Dated: July 18, 2016                          Respectfully submitted,


For the Plaintiff VIP-NC:


*/s/ John E. Branch III*_____
John E. Branch, III (NC Bar No. 32598)
Shanahan Law Group, PLLC
128 E. Hargett Street | Suite 300
Raleigh, NC 27601
Tel: (919) 856-9494
jbranch@shanahanlawgroup.com
*E.D.N.C. L.R. 83.1 Counsel for Plaintiff VIP-NC*

*/s/ J. Christian Adams*_____
J. Christian Adams* (VA Bar No. 42543)
Kaylan L. Phillips* (IN Bar No. 30405-84)
PUBLIC INTEREST LEGAL FOUNDATION
209 W. Main Street
Plainfield, IN 46168
Tel: (317) 203-5599
Fax: (888) 815-5641
adams@publicinterestlegal.org
kphillips@publicinterestlegal.org
*\*Special appearance to be filed*
*Counsel for Plaintiff VIP-NC*

11